[L. A. No. 10012. In Bank.—May 6, 1929.]

JESSIE M. OUTRAM et al., Appellants, v. TAFT REALTY COMPANY (a Corporation) et al., Respondents.

Henry M. Lee and W. I. Gilbert for Appellants.

Farrand & Slosson, Chas. W. Fourl and H. P. Babson for Respondents.

PRESTON, In this cause the judgment is affirmed. The basis of the action is alleged fraud, misrepresentation and conspiracy on the part of defendants in inducing plaintiffs to enter into a contract to purchase certain real property situate in Wilmington, Los Angeles County. The court found for defendants and gave judgment accordingly. Plaintiffs have appealed. We find in the record evidence amply sufficient to uphold the action of the trial court and as this question of its sufficiency constitutes the sole issue before us, we shall rest our conclusion upon the following brief statement of the case:

Defendants Nellie L. and Fred Mason are mother and son, respectively, both of whom are experienced in the real estate business. About September, 1923, at the instance of Nellie L. Mason, after inspection upon two occasions of said real property and neighboring real estate, and upon the representations and statements of defendants as to its present and prospective value, etc., and particularly through reliance upon representations made by defendant Fred Mason, who held an option upon it, plaintiffs, sisters, were induced to enter into a contract jointly with defendant Nellie L. Mason for the purchase of said property from defendant Taft Realty Company for the total sum of $39,650. Said contract called for a down payment of $15,000, $5,000 of which was advanced by each of said three purchasers and trust deeds were duly given for the balance. The purchase was made with the expectation of securing a large profit through resale before further payments became due under said trust deeds. All efforts to turn over the property at anything but a material loss proved unavailing and, in November, 1925, after failure of plaintiffs to meet their obligations under said trust deeds, said property was bought in at the foreclosure sale by the original owners for the balance due thereon.

Prior thereto, however, and in March, 1925, plaintiffs learned for the first time that the Taft Realty Company was not the original owner of the property but that a week or so before the sale to them said company, for the benefit of Fred Mason, and at a cost to him of $100, secured an option of purchase from the true owners and thereafter by means of a separate and secret escrow had said property first conveyed to it and later transferred to plaintiffs and said Nellie L. Mason; that by means of two escrows and this double conveyance, Fred Mason was enabled to raise the purchase price $5,000 upon the resale to plaintiffs and his mother, and at the close of the second escrow he assigned to his mother said $5,000 profit, which amount she duly received. In other words, said company and Fred Mason were paid the customary commission of about five per cent upon the sale, which amount they divided equally between them, and in addition a profit of $5,000 was made, which later went to Mrs. Mason, thus canceling her initial investment so that she practically lost nothing by the transaction.

Upon learning these facts plaintiffs served a notice of cancellation and rescission of said deal and, tendering a good and sufficient deed to the property to said company, they demanded the return of all moneys paid by them on account thereof. This was refused and in November the property was sold under foreclosure as aforesaid.

Plaintiffs claim that it is obvious that Mrs. Mason and her son conspired together and in addition to misrepresenting the value of the land and opportunities for its resale, Mrs. Mason temporarily paid in her $5,000 as a decoy to lure plaintiffs into joining with her in the contract, well knowing that her son had secured the property for a lesser sum and through his profit her $5,000 would be returned to her. Were this claim true, the authorities upon fraud cited by appellants would be applicable and would govern the situation.

Such, however, is not the case. The evidence is directly conflicting and the court below, although it would have been warranted in believing the above to be the true significance of the facts, chose to take the opposite view of the matter. By its findings it adopted as true and correct the account of the deal given by defendants and their corroborating witnesses to the effect that property values were not misrepresented to plaintiffs; that the son did not take his mother into his confidence; that he had theretofore on two occasions made a profit out of selling real estate to her and did likewise on this occasion; that the transaction was in all respects regular and legitimate; that he owed his mother the sum of $7,500 and upon being notified that this $5,000 was held for him at the office of said company, he had it turned over to his mother as a payment on account of his said indebtedness to her. These findings have full support in the evidence, although, as above indicated, a finding for plaintiffs would likewise have been supported by the evidence. But our well-known rule as to conflicting evidence forbids interference with the judgment; hence the conclusion first above announced.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Richards, J., concurred.

Rehearing denied.